

1 | JAMES DAL BON
CA BAR #157942
LAW OFFICES OF JAMES DAL BON
2 | 28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
3 | TEL (408)297-4729
FAX (408)297-4728

4

ATTORNEY FOR PLAINTIFF

5

**Filed**

MAR 1 2 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

6

7                     UNITED STATES DISTRICT COURT

8                              FOR THE

9                     NORTHERN DISTRICT OF CALIFORNIA

10                              **C08   01425**  HRL

JOSE LUIS LEON QUINONOS )
11                                    )  Case
           Plaintiffs,                )
12                                    )  COMPLAINT FOR DAMAGES AND
                                       )  DEMAND FOR JURY TRIAL:
     vs.                              )    1) Violation of California Labor Code
13                                    )       Section 510;
                                       )    2) Violations of the Federal Fair Labor
NAVARRO UBALDO dba TAQUERIA           )       Standards Act;
14                                    )    3) Violation of California Business and
TLAQUEPAQUE,  AND DOES 1-10           )       Professions Code Section 17200; and
15                                    )    4) Violation of California Labor Code
           Defendants                 )       Section 201; and
16                                    )    5) Violation of California Labor Code
                                       )       Section 226.
17                                    )
                                       )
18 _____ )

19                              **NATURE OF CLAIM**

20  This is an action on behalf of JOSE LUIS LEON QUINONOS who has been employed on an

21  hourly basis by NAVARRO UBALDO dba TAQUERIA TLAQUEPAQUE and DOES 1-10

22  during the last four years prior to the filing of this Complaint, seeking damages arising from

23  employer's failure to pay overtime as required by the Fair Labor Standards Act and the California

24  Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under

25  California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting

penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

1. At all times relevant herein, Plaintiff JOSE LUIS LEON QUINONOS is an individual resident of San Jose, California.

2. At all times relevant herein, Defendant NAVARRO UBALDO, doing business as TAQUERIA TLAQUEPLAQUE in San Jose, California.

3. Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of Taqueria Tlaquepaque., having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

4. At all times relevant herein, Plaintiff was an employee of defendants NAVARRO UBALDO, doing business as TAQUERIA TLAQUEPAQUE in San Jose, California. Plaintiff was according to information and belief, employee of Defendants acting in the normal course and scope of his employment duties with Defendants.

5. During the course of Plaintiffs' employment with Taqueria Tlaquepaque., Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

6. Plaintiff was paid on an hourly basis.

7. Plaintiff did not perform "exempt" duties in his position as a dishwasher with Taqueria Tlaquepaque and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209.* The Plaintiff was not even marginally responsible for management or administrative functions, and his primary job did not

require him to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

8. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of Taqueria Tlaquepaque where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of Taqueria Tlaquepaque.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

9. Plaintiff re-allege and incorporate paragraphs 1-8 as if fully stated herein.

10. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

11. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

12. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

13. Defendants therefore owe Plaintiff overtime wages not properly paid to Plaintiff in an amount to be determined at trial.

14. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

15. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

16. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

17. Plaintiff re-alleges and incorporates paragraphs 1-16 as if fully stated herein.

18. At all relevant times herein, Plaintiffs' employment were subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered by virtue of Plaintiffs' direct engagement in interstate commerce.

19. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

20. Although Plaintiff was not so exempt during employment with Taqueria Tlaquepaque and Ubaldo Navarro, defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiffs' regular rate of pay.

21. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

22. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

23. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus defendants

are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

24. Defendants therefore owe Plaintiff overtime not properly paid to Plaintiff, in an amount to be determined at trial.

25. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLATION OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

26. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-25 as if fully stated herein.

27. At the time Plaintiffs' employment with NAVARRO UBALDO and TAQUERIA TLAQUEPAQUE were terminated, defendant's owed Plaintiff certain unpaid overtime wages in amounts previously alleged.

28. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

29. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

30. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

31. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE
## SECTION 17200 UNFAIR BUSINESS PRACTICES

32. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-36 as if fully stated herein.

33. At all times relevant herein, Plaintiffs' employment with Taqueria Tlaquepaque were subject to the California Labor Code NAVARRO UBALDO and TAQUERIA TLAQUEPAQUE applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

34. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

35. During the period Plaintiff was employed with NAVARRO UBALDO and TAQUERIA TLAQUEPAQUE defendants failed to pay Plaintiff legally required overtime pay to which he were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

36. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

37. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount to be determined at trial.

38. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

39. Plaintiff, having been illegally deprived of the overtime pay to which he were legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226 INADEQUATE PAY STATEMENTS

40. Plaintiff re-allege and incorporate the allegations of paragraphs 1-44 as if fully stated herein.

41. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

42. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or 50$ for the first inadequate pay statement and 100$ for each inadequate statement thereafter.

43. During the course of Plaintiffs' employment, defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code §226.

44. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

45. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff.

46. Plaintiff is therefore legally entitled to recover actual damages caused by defendants' failure to provide proper records, in an amount to be determined at trial.

47. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

48. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

49. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

50. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

51. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

52. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

53. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

54. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

55. For costs of suit herein; and

56. For such other and further relief as the Court may deem appropriate.

March 11, 2008

JAMES DAL BON
LAW OFFICES OF JAMES
DAL BON
28 NORTH 1ST STREET
SUITE 210,
SAN JOSE, CA 95113

1  JAMES DAL BON
   CA BAR #157942
2  LAW OFFICES OF JAMES DAL BON
   28 NORTH 1ST STREET SUITE 210
3  SAN JOSE, CA 95113
   (408)297-4279

4

5  ATTORNEY FOR PLAINTIFF

6

7                  UNITED STATES DISTRICT COURT

8                            FOR THE

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 JOSE LUIS LEON QUINONOS          )  Case No:
                                    )
                                    )  DEMAND FOR JURY TRIAL
12            Plaintiffs,           )
                                    )
13        vs.                       )
                                    )
14 TAQUERIA TLAQUEPAQUE, NAVARRO    )
                                    )
15 UBALDO,  AND DOES 1-10           )
                                    )
16            Defendants            )
                                    )
17                                  )
                                    )
18                                  )

19 Plaintiff demand a jury trial.

20

21

22

23

24

25

JAMES DAL BON
Law Offices of James Dal Bon
28 North First, St, Suite 210
San Jose, CA 95113

JS 44 - No. CALIF.   (Rev. 4/97)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

### I.(a) PLAINTIFFS

JOSE LUIS LEON QUINONOS

*E-FILING*

### DEFENDANTS

NAVARRO UBALDO dba TAQUERIA TLAQUEPAQUE AND DOES 1-10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

*ADR*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of James Dal Bon
28 North 1st Street Suite 210,  San Jose, CA 95113
Tel (408)297-4729

ATTORNEYS (IF KNOWN)

*C08  01425  HRL*

## II. BASIS OF JURISDICTION (PLACE AN "x" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "x" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "x" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "x" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☒ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (US Plaintiff or Defendant) | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 209, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00

☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "x" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE
3/12/09

SIGNATURE OF ATTORNEY OF RECORD