JAMES DAL BON
C- BAR #157942
LAW OFFICES OF JAMES DAL BON
28 NORTH 1ST STREET SUITE 210
SAN JOSE, CA 95113

(408) 297-4729

ATTORNEY FOR PLAINTIFFS

WILLIAM KIRKPATRICK (#71501)
28 NORTH 1ST STREET SUI 100
SAN JOSE, CA 95113

(408) 279-3450

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LEON, OMAR ARTURO IBARRA, ALFONSO IBARRA<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>UBALDO NAVARRO dba TAQUERIA TLAQUEPAQUE and DOES 1-10<br><br>　　　　Defendants | CASE 08-01425 HRL<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT |

**1.   Jurisdiction and Service.**

　　a.　　Basis for Court's subject matter jurisdiction over Plaintiff's claims: Fair Labor Standards Act

　　b.　　Whether any issues exist regarding personal jurisdiction or venue:  No.

　　c.　　Whether any parties remained to be served:  No; all parties have been served.

**2.   Facts.**

　　Plaintiffs' Statement:  Plaintiff alleges that Defendants misclassified and/or failed to pay Plaintiff's at the legally required overtime rate for all overtime hours worked by Plaintiffs during the four years preceding the filing of the Complaint.  Plaintiffs further allege



that Defendants failed to pay them all wages due at the time of their termination (i.e., the unpaid overtime wages) and that paystubs received from Defendants lack the information required by Labor Code § 226.

<u>Defendants' Statement</u>:  Defendants deny misclassifying Plaintiffs, or any of them, or failing to pay Plaintiffs overtime when they worked overtime hours.

**3.   Legal Issues.**

a.   Whether Plaintiffs, or any of them, were misclassified by Defendants as exempt employees not eligible for overtime pay.

b.   Whether the Defendants failed to pay Plaintiffs overtime.

c.   Whether Defendants willfully failed to pay all overtime wages due and owing to Plaintiffs when they separated their employment.

**4.   Motions.**

No motions are pending.  Defendants anticipate bringing a motion for summary adjudication or summary judgment following completion of discovery.  Plaintiffs anticipate bringing a summary judgment motion upon completion of discovery.

**5.   Amendment of Pleadings.**

Plaintiffs do not anticipate amending their complaint outside of the first amended complaint.

At this time Defendants do not anticipate amending their answer.

**6.   Evidence Preservation.**

Defendants have been instructed to retain, and have retained, all wage and wage-related records pertaining to Plaintiffs.

**7.   Disclosures.**

Plaintiffs issued their Initial Disclosures.  Defendants issued theirs on July 22, 2008. Defendant only learned the identity of two of the plaintiffs on July 17.

**8.   Discovery.**

No discovery has occurred to date.

Plaintiffs anticipate the following discovery: propounding special interrogatories, requests for admission, deposition and document demands on each Plaintiff, to be completed within 120 days after mediation.

Defendants anticipate propounding special interrogatories and form interrogatories, requests for admission, and depositions and document demands on each Plaintiff, to be completed within 150 days after mediation.

**9. Class Actions.**

Not applicable.

**10. Related Cases.**

None.

**11. Relief.**

Plaintiffs seek to recover their unpaid wages (amount unspecified); the maximum Labor Code § 203 penalty (30 days' wages) because of Defendants' alleged failure to pay all wages due Plaintiffs at the time of their terminations; and a Labor Code § 226 penalty (up to $4,000) for Defendants' alleged failure to provide accurate, itemized paystubs. Plaintiffs also seek to recover liquidated damages (i.e., doubling of the alleged unpaid wages), pre-judgment interest, and reasonable attorney fees and costs.

**12. Settlement and ADR.**

Defendants have filed their ADR certification statements.

The Parties have stipulated to mediation. The Court has assigned the case to mediation, to be completed by November 28, 2008.

**13. Consent to Magistrate Judge for All Purposes.**

The Parties consent to a magistrate judge for all purposes.

**14. Other References.**

The Parties have stipulated to mediation.

.**15. Narrowing of Issues.**

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT

The case is not overly complex; the issues already are relatively narrow. If the parties determine a further narrowing of the issues is appropriate and can be achieved, they will work together to do so via stipulation.

16. **Expedited Schedule.**

This case can be handled on an expedited basis.

17. **Scheduling.**

The Parties submit the following proposed discovery and trial schedule:

| | |
|---|---|
| Discovery cut-off: | December 2008 |
| Hearing dispositive motions: | February 2009 |
| Expert disclosure: | January 20, 2009 |
| Pre-trial conference: | March 25, 2009 |
| Trial: | April 2009 |

18. **Trial.**

Plaintiffs' Statement: Plaintiff requests a jury trial. However Plaintiff's counsel believes that it will take three to five days since the parties speak Spanish and require translators.

Defendants' Statement: Defendant is not requesting a jury. At this point, defendant is unable to make a meaningful estimate of the time for trial. Plaintiff's estimate of three to five days seems reasonable..

19. **Disclosure of Non-Party Interested Entities or Persons.**

To Defendants' knowledge, there are no non-party interested entities or persons.

DATED: July 28, 2008

LAW OFFICES OF WILLIAM KIRKPATRICK

By: _____
William Kirkpatrick
Attorney for the Defendant

4

JOINT CASE MANAGEMENT STATEMENT/RULE 26(F) REPORT

1
2
3
4
5   DATED:                                      **LAW OFFICES OF JAMES DAL BON**
6
7
8                                               By:_____
                                                    James Dal Bon
9                                                   Attorney for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28